summary judgment motion, December 20, 1976, the city failed to request disclosure (CPLR 408), nor does the city contend that the home did not fully disclose all financial statements and records requested of it. The city had ample opportunity to seek discovery, and its failure to do so provides no basis for denial of respondent's motion. The operation of the home meets fully the requirements of section 421 (subd 1, par [a]) of the New York Real Property Tax Law and justifies its exemption from real property taxation. The purposes for which it was organized and its activities meet all the tests which we stated in *Genesee Hosp. v Wagner* (47 AD2d 37, affd 39 NY2d 863). The home is used exclusively for the purposes enumerated in the statute. The test of a charitable use is succinctly stated in *Matter of MacDowell,* (217 NY 454, 460): "If the purpose to be attained is personal, private or selfish, it is not a charitable trust. When the purpose accomplished is that of public usefulness unstained by personal, private or selfish considerations, its charitable character insures its validity". The existence and operation of the home truly " 'tend[s] to promote the well-doing and well-being of social man' " *(Matter of Rockefeller,* 177 App Div 786, 791, affd 223 NY 563, quoting *Ould v Washington Hosp.,* 95 US 303, 311; see also, *People ex rel. Untermeyer v McGregor,* 295 NY 237; *American-Russian Aid Assn., v City of Glen Cove,* 41 Misc 2d 622, affd 23 AD2d 966). The interpretation of the exemption statute urged by the city would "defeat its settled purpose, which in this instance is that of encouraging, fostering and protecting" the rendering of health and nursing services to persons in genuine need of such care on a non-profit basis *(People ex rel. Watchtower Bible & Tract Soc. v Haring,* 8 NY2d 350, 358). The city's reliance on *Matter of Association of Bar of City of N. Y. v Lewisohn* (34 NY2d 143) and *Matter of Swedenborg Foundation v Lewisohn* (40 NY2d 87) is misplaced. The facts in both of those cases demonstrate clearly that the organizations claiming tax exemption were not organized or operated "exclusively for * * * charitable * * * purposes". As stated in *Matter of Trustees of Sailors' Snug Harbor in City of N. Y. v Tax Comm. of City of N. Y.* (26 NY2d 444, 450) "[i]t would be a procedural anachronism if undisputed facts which could lead to a proper judgment nevertheless had to be sent for trial under an article 7 tax proceeding". (Appeal from order and judgment of Monroe Supreme Court—Real Property Tax Law, art 7) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.

■ EUGENE M. PARUCKI et al., Respondents, v BARRY WILLIAMS, Appellant. (Appeal No. 1.)—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Upon the discovery of the true identity of defendant Barry Williams no later than June 6, 1972 plaintiffs had available personal service without the State if defendant could be found, or substituted service pursuant to CPLR 308. Having failed to avail themselves of the statutory means available for obtaining in personam jurisdiction over defendant Barry Williams, the Statute of Limitations was not tolled between June 6, 1972 and October 30, 1975 when an order for substituted service was obtained from Special Term (see *Yarusso v Arbotowicz,* 41 NY2d 516; *Goodemote v McClain,* 40 AD2d 22). In excess of three years having expired between the time when plaintiffs ascertained the true identity of defendant and the effecting of substituted service by court order, plaintiffs' action was time barred. (Appeal from order of Erie Supreme Court —dismiss complaint.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.

■ EUGENE M. PARUCKI et al., Respondents, v BARRY WILLIAMS, Appel-

lant.—Appeal unanimously dismissed as moot. Same memorandum as in *Parucki v Williams,* (58 AD2d 974). (Appeal from order of Erie Supreme Court—reargument.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.

■ In the Matter of JAMES A. CARTER, Appellant, v NEW YORK STATE DEPARTMENT OF PAROLE, Respondent.—Judgment unanimously affirmed. Memorandum: Petitioner was sentenced on March 27, 1972 in Westchester County Court to an indeterminate term with a maximum of eight years upon his conviction of robbery in the second degree. He was paroled on August 15, 1975 and on October 7, 1975 he was declared delinquent as of August 19, 1975. He was arrested on December 9, 1975 for a burglary committed while he was on parole, and a parole violation warrant, which had been issued in September, 1975, was lodged against him in the Westchester County Jail. The parole violation was not premised upon the subsequent criminal charge but related only to petitioner's failure to report to his parole officer; failure to procure the permission of the parole officer before moving from his approved residence; and failure to reply to a message from the parole officer. He waived his right to a preliminary parole revocation hearing. On February 25, 1976 petitioner was sentenced to a term of 2 to 4 years upon his plea of guilty to burglary in the third degree, such sentence to be served concurrently with the 1972 sentence. Petitioner was never afforded a final parole revocation hearing. He brought this proceeding seeking a writ of habeas corpus to obtain his release from custody. Special Term treated the petition as an article 78 proceeding (CPLR 103, subd [c]) and granted the petition to the extent of dismissing the parole violation warrant, for failure of the board to afford petitioner a final parole revocation hearing. The court, however, properly remanded petitioner to the Auburn Correctional Facility for further detention on his new sentence of two to four years imposed on February 25, 1976 *(People ex rel. England v New York State Bd. of Parole,* 55 AD2d 1013). Notwithstanding the September 3, 1976 memorandum to the petitioner from the head clerk's office at the correctional facility which incorrectly states that petitioner is being detained on his original sentence, his incarceration is now limited to the new sentence. His eligibility for continued parole on his original sentence is moot *(People ex rel. England v New York State Bd. of Parole, supra).* (Appeal from judgment of Cayuga Supreme Court—article 78.) Present—Moule, J. P., Cardamone, Dillon, Goldman and Witmer, JJ.

■ JOSEPH L. YANKANICH et al., Respondents, v THOMAS A. GRIFFO et al., Appellants.—Judgment unanimously affirmed, with costs, on the decision at Trial Term, McDowell, J. (Appeal from judgment of Steuben Supreme Court—Real Property Actions and Proceedings Law, § 15.) Present—Moule, J. P., Cardamone, Dillon, Goldman and Witmer, JJ.

■ ALLIED CHEMICAL CORPORATION, Appellant-Respondent, v ALPHA PORTLAND INDUSTRIES, INC., Respondent-Appellant.—Order unanimously affirmed, without costs. Memorandum: Both parties appeal from a denial of their motions for partial summary judgment. Plaintiff seeks an order declaring that the contract between the parties has terminated, while defendant requests a declaration that the contract continues in full force and effect. Special Term determined that factual questions exist concerning both the intent of the parties as to the meaning of the terms of the contract and also whether the parties modified the contract by their conduct subsequent to its execution. In 1921 plaintiff's predecessor in interest, The Solvay Process Company, and defendant entered into a contract whereby plaintiff